**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**DAVID PAIN,**

              **Petitioner,**

    -against-

**THE PEOPLE OF THE STATE OF NEW YORK,**

             **Respondent.**
-----------------------------------------------------------x

**ORDER**
**04-CV-1232 (NG) (LB)**

**GERSHON, United States District Judge:**

Petitioner David Pain objects to so much of the Report and Recommendation of Magistrate Judge Lois Bloom, dated May 22, 2007, that held he was not denied the effective assistance of appellate counsel. Petitioner argues that appellate counsel was ineffective for failing to raise an allegedly meritorious Fourth Amendment claim that was raised in the state court and the subject of a suppression hearing. I have carefully reviewed the documents which the petitioner has submitted in support of his objections, as well as the other portions of the record that affect his claim. Based upon that review and the applicable case law, I conclude that Magistrate Judge Bloom was correct that petitioner was not denied the ineffective assistance of appellate counsel.

To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's performance fell below the objective standards of reasonableness dictated by prevailing professional norms; and (2) counsel's deficiency was "prejudicial" to the defense. *Strickland v. Washington,* 466 U.S. 668, 687-89, 694 (1984). Under the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). To

succeed on the second prong, a "defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "[C]ounsel does not have a duty to advance every nonfrivolous argument that could be made. However, a petitioner may establish constitutionally inadequate performance by appellate counsel if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (citation omitted); *see Evitts v. Lucey*, 469 U.S. 387, 394 (1985) (recognizing that appellate counsel "need not advance *every* argument, regardless of merit, urged by the appellant") (emphasis in original). Where the principal allegation of ineffectiveness is appellate counsel's failure to raise a Fourth Amendment claim, petitioner must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the claim would have been successful on appeal. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Mayo*, 13 F.3d at 534.

A review of appellate counsel's brief shows that it was carefully drafted, and raised two non-frivolous issues, which, in counsel's professional judgment, were most likely to prevail on appeal. In his affirmation submitted in support of the State's opposition to petitioner's writ of error *coram nobis*, appellate counsel articulated two reasons for not raising a Fourth Amendment claim regarding the suppression of the ski mask: (1) "it would not have overcome the harmless error analysis, as the quantum of proof against [petitioner] was overwhelming and, in any event, [the witness] would have been allowed to testify that he saw [petitioner] wearing the mask when he fled from [the victim's apartment]. The actual mask was not necessary for the People to prove their case;" and (2) "the mask was a central element of [petitioner's] defense, as it allowed him to testify that the incident was a misunderstanding. Specifically, that [the victim] was startled when she saw [petitioner] wearing a mask and reacted by spraying him [with] mace, which lead [to] the altercation."

2

A reviewing court should not second guess the reasonable professional judgments of appellate counsel as to the most promising appeal issues. *Jones v. Barnes,* 463 U.S. 745, 754 (1983). That the two grounds raised on appeal were ultimately unsuccessful does not render appellate counsel constitutionally deficient. *See Stokes v. United States,* 2001 WL 29997, at *4 (S.D.N.Y. Jan. 9, 2001) ("The mere fact that [appellate counsel] was unsuccessful on appeal and did not raise every claim urged by the petitioner does not constitute ineffective assistance of counsel."). Nothing in the record suggests that petitioner's Fourth Amendment claim is of such overwhelming strength that appellate counsel's decision not to raise that claim on appeal was below the objective standard of reasonableness dictated by prevailing professional norms. In fact, the opposite is true – petitioner's Fourth Amendment claim lacks merit; therefore, there was no reason for appellate counsel to raise it on appeal.

Prior to trial, petitioner's trial counsel filed a motion suppress three items of evidence – a telephone wire, camouflage cap, and ski mask – on the ground that they were the fruits of an illegal search. A hearing was conducted before Justice Alan Marrus, who determined that, at the time of the initial stop, the police officers had a sufficient basis to stop petitioner and inquire about what was going on. Tr. 93. When petitioner told the officers that nothing was going on, the officers had, at best, reasonable suspicion to detain petitioner; however, they did not have probable cause to believe he committed a crime. Tr. 93. Justice Marrus went on to state:

> [E]ven assuming [the officers] had the right to frisk him, the testimony was they searched him . . . , not that they frisked him.
>
> [The officer] admitted it was a search, and the recovery of any property at that time will clearly be illegal. Now, the wrinkle here is the officer recovered three items at that time, the telephone wire, a hat and a mask, but testified that he stuffed the mask back into the [petitioner's] pocket and didn't retrieve the mask until later when the identification procedure occurred . . . .
>
> . . . .

> So, the bottom line is that . . . while the officer discovered the mask, he didn't seize it at that original stop, and it was seized and recovered later after the police had information which did rise [to] the level of probable cause.
>
> So, my ruling is whatever was seized at the time of the initial stop must be suppressed. That would include the telephone wire and the hat, but since the ski mask was returned to the [petitioner], I am going to adopt the basketball expression, no harm, no foul.
>
> The bottom line is the police didn't seize it at that time, even though they discovered it, and the seizure occurred after the level of information the police had rose to probable cause . . . .

Tr. 93-95.

Consistent with the Fourth Amendment, a police officer may detain a person if the officer has reasonable suspicion that the person has committed, or is about to commit, a crime. *Terry v. Ohio,* 392 U.S. 1 (1968); *Adams v. Williams,* 407 U.S. 143 (1972); *Brown v. Texas,* 433 U.S. 47 (1979). When making a determination of reasonable suspicion, a court must "look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu,* 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez,* 449 U.S. 411, 417-18 (1981)). In the present case, the officers had an objective basis for reasonably suspecting that petitioner had committed a crime. The officers were responding to several 911 calls reporting an assault in progress at 89 Crooke Avenue in Brooklyn. When the officers responded to the scene, they observed petitioner exiting the building. They noted that petitioner was sweating profusely and appeared to be nervous, shaky, and hyper. At this point, the officers had a reasonably articulable suspicion sufficient to justify an investigatory stop of petitioner.

When petitioner approached the police cars, the officers noticed that petitioner's shirt had what appeared to be mucous on it and that it had an odor of laundry detergent. At this point, two additional officers arrived on the scene. One of the officers went into the building to speak with the victim and

one of the witnesses. After obtaining a positive identification at the scene, the officers had probable cause to believe that petitioner had committed a crime. Therefore, I agree with Justice Marrus that the subsequent seizure of the ski mask was legal and its admission into evidence was entirely proper. The officers did not seize the ski mask in the first instance – they discovered it and returned it to petitioner's pocket. The seizure did not occur until after the level of information the officers possessed rose to probable cause. Therefore, petitioner's Fourth Amendment claim is without merit, and appellate counsel was not ineffective for not raising it on appeal.

In sum, it is clear that the state court's adjudication of petitioner's claim of ineffective assistance of appellate counsel was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, petitioner's application for a writ of habeas corpus is denied. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. The Clerk of Court is directed to enter judgment for respondent.

**SO ORDERED.**

  /s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated: October 1, 2007
 Brooklyn, New York